UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

PAMELA MELVIN,

                                Plaintiff,

v.

U.S.A. TODAY, *et al.*,

                           Defendants.

Civil Action No. 3:14–CV–439

## MEMORANDUM OPINION

THIS MATTER is before the Court on: (1) Plaintiff's Motion for the Court to Clarify its January 30, 2015 Order That the Court Upheld in its June 23, 2015 Order Dismissing This Action With Prejudice ("Motion to Clarify") (ECF No. 47); and (2) Plaintiff's Motion to Alter or Amend Judgment, or in the Alternative, Motion for Relief From Judgment or Order and to Amend the Complaint to Add Defendants and Claims ("Motion to Alter or Amend") (ECF No. 48). For the reasons that follow, each of the aforementioned Motions is hereby DENIED.

## I.    BACKGROUND

On June 17, 2014, Plaintiff Pamela Melvin ("Melvin") filed a Complaint against eleven newspaper defendants, including USA Today, The Washington Post, Detroit Free Press, The Star-Ledger, The Philadelphia Inquirer, The Dallas Morning News, Inc. (collectively, "the newspaper defendants"), Sun-Times Media, LLC, d/b/a Chicago Sun-Times ("Sun-Times"), Boston Globe Media Partners, LLC   ("Boston Globe"), Los Angeles Times, Tampa Bay Times, and The Atlanta Journal Constitution, alleging violations of her First Amendment rights as well as violations of her civil rights pursuant to 42 U.S.C. § 1981. In September 2014, the newspaper defendants as well as the Sun-Times and Boston Globe each filed a motion to dismiss. On January 20, 2015, this Court granted each of the motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 41, 42.) The

Court further ordered that the Complaint be dismissed with prejudice against the newspaper defendants, the Sun-Times and the Boston Globe. (*Id.*)

On January 30, 2015, Melvin filed a Motion for Judgment as a Matter of Law (ECF No. 43), pursuant to Rule 50 of the Federal Rules of Civil Procedure. Finding that the motion was procedurally improper, this Court denied Melvin's motion on June 23, 2015. (ECF No. 46.)

Melvin then filed the present Motions on July 7, 2015. None of the defendants responded to the Motions, and their time for doing so has now passed.

## II.   LEGAL STANDARD

### a.  *Federal Rule of Civil Procedure 59(e)*

A motion to reconsider takes the form of a motion to alter or amend a judgment under the Federal Rules of Civil Procedure. *See EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment. The Rule simply provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

It is well-settled, that there are only three grounds for granting a motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) is intended to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.,* 148 F.3d at 403 (citation and internal quotation marks omitted).

//

//

2

### b.  Federal Rule of Civil Procedure 60(b)

"In order to justify relief under Rule 60, a movant must make a showing of timeliness, a meritorious defense, lack of unfair prejudice to the opposing party, and exceptional circumstances." *Siegel v. Arlington Cnty. Dep't of Cmty. Planning Housing and Dev.*, No. Civ. A. 02-902-A, 2003 WL 23733547, at *2 (E.D. Va. Jan. 23, 2003) (citing *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984)). If the movant makes this preliminary showing, then she "must proceed to satisfy one of the following six grounds for relief: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other conduct; (4) the judgment is void; (5) a prior judgment upon which the judgment is based has been reversed or vacated; or (6) any other reason justifying relief from judgment." *Id.* (citing *Werner*, 731 F.2d at 207; Fed. R. Civ. P. 60(b)).

### c.  Federal Rule of Civil Procedure 15

Rule 15(a) states that a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R .Civ. P. 15(a)(2). Typically, a court should allow a party to amend unless an amendment would prove futile or the party seeking the amendment proceeds in bad faith. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004); *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 216 (E.D. Va. 2008).

## III.  DISCUSSION

### (1) Motion to Clarify

In her Motion to Clarify, Melvin asks the Court to answer the following questions:

- "[W]hether this Court's dismissal with prejudice bars Plaintiff from filing civil actions against the doctors, the health care providers and others who were not defendants of this action and whom the court could not obtain personal

jurisdiction over but whose facts of acts were alleged in this action as constituting claims of injunctions and declaratory relief against the Newspaper Defendants;"

- "[W]hether this Court's dismissal with prejudice include [sic] the Court's determination that it had or could have had personal jurisdiction over the U.S. District Court for the Eastern District of North Carolina and jurisdiction over civil action no. 5-09-CV-235[1];"
- "[W]hether this Court's dismissal with prejudice bars any matter within civil action no. 5-09-CV-235 that was filed in the U.S. District Court for the Eastern District Court of North Carolina."

(Mot. to Clarify at 1–2.) Based on Melvin's request, the Court construes the Motion to Clarify as seeking legal advice. Because this Court cannot provide legal advice and is not required to do so, the Court DENIES the Motion to Clarify.

### (2) Motion to Alter or Amend

In her Motion to Alter or Amend pursuant to Rule 59(e) and Rule 60(b)(4) and (b)(6), Melvin requests the Court to amend the judgment from a dismissal with prejudice to a dismissal without prejudice. She argues that a dismissal with prejudice "is void because it deprives Plaintiff of fundamental and substantive rights including the First and Fifth Amendments [sic] rights of access to the court and to judicial due process." (Mot. to Alter or Amend at 2.) Similar to her Motion to Clarify, Melvin argues that this Court did not have jurisdiction over civil action no. 5-09-CV-235 or any claims alleged in that matter. (*Id.* at 8.) Alternatively, Melvin requests leave to amend her Complaint to add claims and defendants that were not originally included.

Melvin's Motion to Alter or Amend Judgment must be denied because Melvin fails to satisfy the standards defined above. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[u]nless the dismissal order states otherwise," an involuntary dismissal "operates as an adjudication on the merits." In other words, "[a] district court's dismissal under Rule 12(b)(6) is . . . with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985). With this standard in mind, Melvin fails to demonstrate a clear error of law

---

[1] Case no. 5-09-CV-235 referenced by Melvin appears to be a separate action that Melvin filed in the United States District Court for the Eastern District of North Carolina. (*See* Mot. to Clarify at 3.)

or manifest injustice, (*see* Mot. to Alter or Amend at 9), or that the judgment is void, (*id.* at 5). The Court justifiably dismissed the Complaint with prejudice against the newspaper defendants, the Sun-Times and the Boston Globe.

Next, Melvin alternatively requests leave to amend her Complaint to add claims and defendants. As the Fourth Circuit previously explained:

> [A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The Court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a). In other words, a court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered–for prejudice, bad faith, or futility.

*Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011) (citation and internal quotation marks omitted). As to the prejudice prong, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile–that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

Melvin fails to specifically identify the defendants or claims that she wishes to add to her original Complaint, and also does not attach a proposed amended Complaint. From what the Court can decipher, however, Melvin apparently wants to include the defendants from case no. 5-09-CV-235. But she inexplicably states that "this Court could not have personal jurisdiction over those defendants." (Mot. to Alter or Amend at 1, 11.) Thus, any proposed amendment would be futile and leave to amend must be denied. Moreover, because Melvin fails to attach a proposed amended Complaint, the Court denies her leave to amend. *See Williams v. Wilkerson*,

90 F.R.D. 168, 170 (E.D. Va. 1981) ("[T]he Court adopts as a general rule of practice before this Court that when plaintiff seeks leave to amend his complaint under Rule 15(a), or any other pleading, a copy of the proposed amended pleading . . . must be attached to the motion.")

## IV.    **CONCLUSION**

For the foregoing reasons, the Motion to Clarify is DENIED and the Motion to Alter or Amend is DENIED.

Plaintiff is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, by filing a notice of appeal with this Court within thirty (30) days of the date this Order is entered.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Plaintiff as well as all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __28th_____day of July 2015.